GEORGE W. MURROW v. DONNA CAMPBELL MURROW

No. 8722DC141

(Filed 15 September 1987)

**Divorce and Alimony § 30— equitable distribution—refusal of court to hear oral evidence—error**

The trial court in an equitable distribution action erred in ruling that no oral evidence would be taken and that only affidavits would be considered in determining the issues raised. N.C.G.S. § 1A-1, Rule 43(a).

APPEAL by plaintiff from *Fuller, Judge.* Order entered 30 September 1986 in District Court, IREDELL County. Heard in the Court of Appeals 2 September 1987.

The record before us discloses the following: On 20 December 1984 a judgment was entered in Iredell County, North Carolina, absolutely divorcing plaintiff and defendant. On 30 September 1986 the court made findings of fact and conclusions of law and entered an order of equitable distribution. Plaintiff appealed.

*Hamel, Helms, Cannon, Hamel & Pearce, P.A., by Thomas R. Cannon and A. Elizabeth Green, for plaintiff, appellant.*

*Pope, McMillan, Gourley, Kutteh & Parker, by David P. Parker, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff contends the trial court erred in ruling that no oral evidence would be taken in this equitable distribution action and that only affidavits would be considered in determining the issues raised. We agree.

Rule 43(a) of the Rules of Civil Procedure provides:

In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules.

Nowhere in the Rules of Civil Procedure does it provide otherwise for the taking of evidence in trials of claims for equitable distribution. The trial court may not by rule or otherwise deprive the parties in an equitable distribution trial of the opportunity to present oral testimony in open court. Obviously, the parties may waive their rights to cross examine or present oral testimony in open court in the trial of equitable distribution cases.

The order entered 30 September 1986 must be vacated and the cause remanded for a new trial on the claim of equitable distribution.

Vacated and remanded.

Judges ARNOLD and ORR concur.