OAKBROOK REALTY CORPORATION, APPELLANT, *v.* BLOUT, A.K.A. BLOUNT, ET AL., APPELLEES.

(No. 88AP-203—Decided June 14, 1988.)

*Robert J. Morje,* for appellant.
*Roderick Blout* and *Tammy R. Dobbins, pro se.*

STRAUSBAUGH, J. This is an appeal by plaintiff from a judgment of the municipal court dismissing plaintiff's complaint for restitution of certain residential premises. The basis for the dismissal was plaintiff's failure to adduce any evidence so as to satisfy its burden of proof.

This action was commenced on January 12, 1988 by plaintiff seeking restitution of residential premises from defendant for an alleged nonpayment of rent. The case came on to be heard before a referee of the municipal court on February 2, 1988, at which time plaintiff tendered certain affidavits with attachments and moved for their admission. Despite the fact that defendants had made no appearance in the matter, the referee refused to admit the affidavits for the reason that R.C. 1923.07 required the court to "try the cause as though the defendant were present." The referee thereafter recommended, on February 4, 1988, that plaintiff's complaint for restitution be dismissed for want of evidence. This report was approved and adopted as the judgment of the municipal court on February 4, 1988.

On appeal, plaintiff asserts the following single assignment of error:

"The trial court erred by failing to admit into evidence the affidavits proffered by Appellant in support of it's [*sic*] Complaint, there being no objection to their admission."

Plaintiff maintains that the trial court erred in refusing to admit its affidavits because no objection was made to the admission of such evidence. Essentially, it is plaintiff's position that a trial court may not *sua sponte* exclude evidence for the reason that, had the defendant been present, an objection could have been made and sustained.

It should be noted that this case is before the court on plaintiff's brief without the benefit of a brief by defendants. App. R. 18(C) provides:

"Consequence of failure to file briefs. * * * If an appellee fails to file his brief * * *, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

Accordingly, plaintiff's statements of facts and issues will be taken as correct.

Generally, a trial court is vested with broad discretion in the admission or exclusion of evidence. See *State* v. *Hymore* (1967), 9 Ohio St. 2d 122, 128, 38 O.O. 2d 298, 302, 224 N.E. 2d 126, 130, certiorari denied (1968), 390 U.S. 1024. This principle is firmly rooted in the case law of Ohio. See, *e.g., Runyan* v. *Price* (1864), 15 Ohio St. 1, 5, and *Miami & Montgomery Turnpike Co.* v. *Baily* (1881), 37 Ohio St. 104, 107. The Ohio Rules of Evidence embraced this concept in Evid. R. 611(A). Thus, even in the absence of an objection, the trial court has the inherent power to exclude or strike evidence on its own motion. Cf. *Fisher Beverage Co.* v. *Teamsters Local Union No. 957* (Jan. 9, 1987), Clark App. No. 2253, unreported, at 4-6, and *Allen* v. *Pine Top Estates* (Dec. 18, 1985), Summit App. Nos. 12070 and 12164, unreported, at 9-10. See, generally, McCor-

mick on Evidence (3 Ed. Cleary Ed. 1984) 143-144, Section 55. While in some cases a trial court is under a duty to admit or exclude evidence in the absence of an objection — see Evid. R. 103(D) (plain error) — in other cases the power to exclude or admit evidence *sua sponte* is discretionary with the court.[1]

Here, apparently the trial court concluded that it was *bound* to exclude plaintiff's affidavits because of the rule against hearsay. While a trial court *may* exclude such evidence, it is not required to do so in every case. This is especially true where the evidence excluded is a sworn statement such as an affidavit. See R.C. 2319.01(A) and 2319.03; see, also, McCormick, *supra.* Inasmuch as the trial court concluded it was bound to exclude plaintiff's evidence as a matter of law, the trial court erred in failing to exercise its discretion. Plaintiff's sole assignment of error is, therefore, sustained.

Parenthetically, to the extent the trial court premised its ruling upon our decision in *Fields* v. *Travis* (Oct. 22, 1987), No. 87AP-578, unreported, that case is clearly distinguishable. In *Fields,* the matter was before this court pursuant to App. R. 18 and 9(C). Based solely upon the defendant's statement of the evidence in lieu of a transcript, this court concluded that there was no evidence in the record to support the judgment of the trial court. *Id.* at 3. Here, it is clear from the record that some evidence was proffered, albeit hearsay or otherwise. Our ruling in *Fields, supra,* is simply inapposite.

Based on the foregoing, plaintiff's sole assignment of error is sustained and, therefore, the judgment of the municipal court is reversed. The matter is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and BRYANT, J., concur.

---

[1] Since the trial court is vested with discretion in admitting or excluding evidence on its own motion, it follows that generally reversal will lie only upon a showing of abuse of discretion. Such discretion is not unlimited, however, but is limited by the general principles of relevancy, competency and the need to ascertain the truth.