OPINION
Defendant-Appellant Sidney Davon Brown was indicted and convicted of drug abuse/possession of crack cocaine, more than five but less than ten grams. In his appeal, he challenges the decision of the trial court admitting State's Exhibit Number 3, the crime lab report, into evidence.
During the state's case at trial, the following stipulation was read into the record:
 Both parties agree to stipulate that what has been marked for identification purposes as State's Exhibit No. 3, okay, State's Exhibit 3 is a report from the Miami Valley Regional Crime Laboratory regarding Lab Case No. 99-005297. This report was prepared by Michael A. Wathen on April 27, 1999. Mr. Wathen's the laboratory supervisor and is an expert in the field of forensic chemistry.
 This report was prepared reference narcotics occurring at 444 Groveland on April 21, 1999. On April 22, 1999, the lab received State's Exhibit No. 2 for analysis. State's Exhibit No. 2 was analyzed and found to contain crack cocaine and procaine having a net weight of 7.11 grams.
Also during the state's case, Officer Beall identified State's Exhibit Number 2 as the crack cocaine he found at the time he arrested Brown.
Prior to resting, the state failed to move for the admission of any of its exhibits. After the defense rested and jury instructions were read, the trial court brought this problem to the attention of the parties, out of the presence of the jury. The court explained that Exhibits 1 and 2 could not be admitted without Brown's agreement, but that Exhibit 3 could be admitted since it was stipulated. Brown objected to the admission of all three exhibits. The trial court admitted Exhibit 3 over objection, but did not admit Exhibit 1 and 2.
The jury nonetheless found Brown guilty as charged, and he was sentenced to one year in prison. Brown appeals this verdict, raising the following assignment of error:
 Whether or not the Trial Court Judge erred in admitting States [sic] Exhibits three (3) into evidence when the State failed to Motion said exhibit into evidence prior to the conclusion of the States [sic] case in chief.
Initially, we recognize that a trial court has broad discretion in the admission or exclusion of evidence. State v. Maurer (1984),15 Ohio St.3d 239, 265. In fact, a decision of the trial court to admit or exclude evidence "will not be reversed absent a showing of clear and prejudicial abuse of discretion." Malone v. Courtyard by Marriott L.P. (1994), 95 Ohio App.3d 74, 92, citing O'Brien v. Angley (1980),63 Ohio St.2d 159, 163. In order to have an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256.
Brown argues that although he stipulated to the identification, authenticity and contents of the crime lab report, he did not stipulate to its admission into evidence. Assuming this is true, the trial court still did not err in admitting the exhibit. Not only does a court have discretion to admit exhibits upon motion, but it may also sua sponte admit or exclude evidence. Neal v. Hamilton Cty. (1993),87 Ohio App.3d 670, 680, citing Oakbrook Realty Corp. v. Blout (1988),48 Ohio App.3d 69, 70. In addition, the admission or exclusion of evidence is not error unless a substantial right of the party has been affected. Evid.R. 103(A); see, also, Montague v. Montague (Dec. 11, 1997), Cuyahoga App. 71277, 71806, 71807, unreported, at p. 9 (trial court did not err in allowing plaintiff to reopen case in chief after his inadvertent failure to move for admission of exhibits).
The stipulation of the identification, authenticity and contents of the crime lab report were read into the record in the presence of the jury. On the record and in front of the jury, defense counsel agreed to the stipulation. As a result, the court found that Brown would not be prejudiced by its admission and the jurors' ability to examine the document during deliberation. We do not find that this decision was palpably and grossly violative of fact or logic, nor do we find Brown was prejudiced by the admission of the exhibit. Accordingly, there is no abuse of discretion.
Brown's sole assignment of error is overruled. Judgment affirmed.
 _________________ BROGAN, J.
WOLFF, P.J., and YOUNG, J., concur.