[Cite as *T & R Properties, Inc. v. Wimberly*, 2020-Ohio-4279.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| T&R Properties, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-567 |
| v. | : | (M.C. No. 2019CVG-29217) |
| Traci Wimberly, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 1, 2020

**On brief:** *Willis Law Firm LLC, William L. Willis, Jr., Dimitrios G. Hatzifotinos, Solomon J. Parini*, and *Michael K. Jameson*, for appellee. **Argued:** *Dimitrios G. Hatzifotinos.*

**On brief:** *The Legal Aid Society of Columbus, Melissa C. Benson*, and *Benjamin D. Horne*, for appellant. **Argued:** *Melissa C. Benson.*

**On brief:** *Zachary M. Klein*, City Attorney, and *Lara N. Baker-Morrish*, for amicus curiae City of Columbus and Columbus Women's Commission, in support of appellant.

**On brief:** *Bricker & Eckler LLP, Anne Marie Sferra*, and *Bryan M. Smeenk*, for amicus curiae Affordable Housing Alliance; Alvis, Inc.; B.R.E.A.D.; Coalition on Homelessness and Housing in Ohio; Community Mediation Services; Community Shelter Board; Human Services Chamber; Student Legal Services at the Ohio State University; and YWCA Columbus, in support of appellant.

**On brief:** *Lardiere McNair, LLC, Chad M. Stonebrook*, and *Christopher L. Lardiere*, for amicus curiae Columbus Apartment Association, in support of appellee.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Traci Wimberly, appeals from a judgment of the Franklin County Municipal Court granting judgment in favor of plaintiff-appellee, T&R Properties, Inc. ("T&R"), on its action for forcible entry and detainer to evict Wimberly from an apartment ("the eviction action"). For the following reasons, we deny T&R's motion to dismiss Wimberly's appeal and reverse the judgment of the municipal court.

**I. Facts and Procedural History**

{¶ 2} Wimberly leased an apartment in Canal Winchester, Ohio, managed by T&R. On July 29, 2019, T&R filed the eviction action, seeking restitution of the apartment. The complaint alleged Wimberly failed to make her rental payment for July 2019 and had been given the required statutory notice to vacate the premises. The complaint further alleged Wimberly was in default under her lease and had not vacated the apartment. A hearing on the complaint was scheduled for August 12, 2019. Wimberly requested a continuance and the hearing was rescheduled for August 19, 2019. An attorney for T&R appeared at the rescheduled hearing, but Wimberly did not appear and was not represented by counsel. At the rescheduled hearing before a magistrate of the municipal court, the following proceedings occurred:

> THE BAILIFF: T & R Properties versus Traci Wimberly.
>
> THE COURT: This tenant did not appear here today. Based on
> this affidavit I'll find for the plaintiff.

(Aug. 19, 2019 Tr. at 2.) The trial court record includes a copy of an affidavit made by Donielle Owen ("the Owen affidavit"), bearing a stamp indicating it was filed with the Franklin County Municipal Court Clerk on August 19, 2019. Owen averred: (1) Wimberly failed to pay her rent or was otherwise in default on her lease, (2) a notice to leave the premises was posted on the door of Wimberly's apartment, (3) Wimberly was behind on her rent at the time the notice to leave the premises was posted and at the time the affidavit was made, and (4) Wimberly was still residing in the apartment. This appears to be the affidavit referred to by the magistrate in the hearing transcript. The magistrate entered judgment in favor of T&R finding that, based on the evidence presented, the notice to vacate conformed to the statutory requirements and was served on Wimberly, and T&R proved

non-payment of rent by a preponderance of the evidence. The magistrate issued a writ of restitution of the premises.

{¶ 3} Wimberly filed objections to the magistrate's decision, asserting the magistrate violated Civ.R. 43 by relying solely on the Owen affidavit in rendering judgment for T&R and that the Owen affidavit was inadmissible hearsay evidence. The trial court overruled Wimberly's objections concluding it was bound by this court's decision in *Oakbrook Realty Corp. v. Blout*, 48 Ohio App.3d 69 (10th Dist.1988), and, that based on the holding in *Blout*, the magistrate did not err by accepting the Owen affidavit as evidence.

## II. Assignment of Error

{¶ 4} Wimberly appeals and assigns the following sole assignment of error for our review:

> The trial court erred when it granted judgment to Plaintiff at trial absent any live witness testimony.

## III. Analysis

### A. Use of affidavits in forcible entry and detainer actions in Franklin County Municipal Court when the defendant does not appear

{¶ 5} As context for this appeal, it is useful to understand the existing practice in the municipal court at a hearing on a forcible entry and detainer claim when the defendant is not present. In its decision overruling Wimberly's objections, the municipal court incorporated by reference an earlier decision in *Carl Edward Miller Trust v. Jones*, Franklin M.C. No. 2018CVG-15385 (June 13, 2018). The *Jones* decision described the use of affidavits in forcible entry and detainer cases in the municipal court:

> First, it is critical to note that there is no local rule in the Franklin County Municipal Court which authorizes admission of affidavits as evidence during trial of an eviction claim. The mistaken belief that such a local rule exists is understandable given how entrenched the affidavit practice is as a part of the Court's eviction dockets that typically process approximately one hundred or more eviction claims every day. However, the Court's affidavit practice exists solely because of the Court's obligation to adhere to the law as promulgated by the Tenth District Court of Appeals thirty years ago in *Oakbrook Realty Corp. v. Blout*, 48 Ohio App.3d 69, 548 N.E.2d 305 (10th Dist.1988).

> \* \* \*

> Pursuant to the *Blout* precedent, the Franklin County Municipal Court's practice has been to exercise discretion by admitting affidavits when the tenant does not appear for trial and therefore does not object to the affidavit; if the tenant appears and contests the landlord's claim for eviction, the landlord must present live witness testimony or other admissible evidence sufficient to prove eviction is appropriate, by a preponderance of the evidence.

*Jones* at 1-2. Consistent with the characterization in *Jones*, amici curiae in support of Wimberly, the city of Columbus and the Columbus Women's Commission, assert it is common practice for the municipal court to grant judgment in favor of a landlord in a forcible entry and detainer case based solely on an affidavit when the tenant does not appear. In the present case, the magistrate relied exclusively on the Owen affidavit in concluding the elements of the eviction action had been established and granting judgment in favor of T&R.

## B. T&R's motion to dismiss appeal

{¶ 6} T&R has moved to dismiss Wimberly's appeal, arguing it is moot because her lease term expired and she vacated the apartment that was the subject of the eviction action while the appeal was pending. Wimberly concedes she has vacated the apartment, but argues the appeal should not be dismissed as moot, citing several exceptions to the mootness doctrine. Before addressing the merits of Wimberly's appeal, we must consider T&R's motion to dismiss.

{¶ 7} "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. It is not the duty of a court to decide purely academic or abstract questions." (Internal citations omitted.) *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). "No actual controversy exists where a case has been rendered moot by an outside event." *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "When a case becomes moot, dismissal of the case is appropriate because the case no longer presents a justiciable

controversy." *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 14.

{¶ 8} An action for forcible entry and detainer is a method for an aggrieved landlord to recover possession of real property. *Cheeseman* at ¶ 15. Judgment in a forcible entry and detainer action only determines the right to immediate possession of the property. *Id.* "If immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted." *Id.*

{¶ 9} Because Wimberly has vacated the apartment that was the subject of the eviction action, there is no actual, justiciable controversy between the parties. *See id.* at ¶ 16 ("This legal dispute, however, is now moot because Cheeseman has vacated the apartment. With the restoration of the apartment to Rithy, the controversy underlying the parties' legal dispute was resolved."). Notwithstanding this conclusion, we must determine whether any exceptions to the mootness doctrine apply to this appeal.

## 1. Exception to mootness for issues capable of repetition, yet evading review

{¶ 10} One exception to the mootness doctrine arises when the issues raised in an appeal are " 'capable of repetition, yet evading review.' " *State ex rel. Plain Dealer Publishing Co. v. Barnes*, 38 Ohio St.3d 165, 166 (1988), quoting *S. Pacific Terminal Co. v. Interstate Commerce Comm.*, 219 U.S. 498, 515 (1911). The Ohio Supreme Court has declared this exception applies in exceptional circumstances, when two factors are present: "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000).

{¶ 11} With respect to the first element of the exception, this court has stated that because R.C. 1923.14(A) provides for a stay of execution of judgment, a forcible entry and detainer action is not too short in duration to be fully litigated through appeal. *Cheeseman* at ¶ 23. *See also AKP Properties, LLC v. Rutledge*, 5th Dist. No. 2018CA00058, 2018-Ohio-5309, ¶ 19 (citing *Cheeseman* and holding that because R.C. 1923.14(A) provided for stay of execution of judgment, forcible entry and detainer action was not too short in duration

to be fully litigated through appeal).  R.C. 1923.14(A) provides in relevant part that "[i]f an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and *any required bond* is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution."  (Emphasis added.)

{¶ 12} Unlike the present case, where T&R sought to evict Wimberly for failure to pay her rent, the landlord in *Cheeseman* sought eviction because the tenant's lease had expired but she remained in possession of her apartment.  *Cheeseman* at ¶ 2.  Thus, the court in *Cheeseman* did not consider the ability of a tenant to meet the requirements to obtain a stay of execution, including paying a bond. In this case, the municipal court required Wimberly to post a supersedeas bond with the court in the amount of the two monthly rent payments she was alleged to have missed as of the date of judgment.  Tenants faced with eviction due to failure to pay their rent will be unlikely to have the means to post a bond to obtain a stay of execution.  *See Olympic Realty v. Voytek Zaleski*, 10th Dist. No. 11AP-668 (June 29, 2012) (memorandum decision on application for reconsideration) ("[A]ctions such as this are likely to otherwise evade review, as tenants who rely on housing assistance will likely be unable to post a bond in order to preserve their issues for appeal."). Alternatively, as in the present case, the natural term of a tenant's lease may expire during the pendency of an appeal, requiring the tenant to vacate the premises and allowing the landlord to assert the appeal is moot.  *See Schwab v. Lattimore*, 166 Ohio App.3d 12, 2006-Ohio-1372, ¶ 21 (1st Dist.) (Painter, J., dissenting) ("The time between when a tenant is wrongly evicted—even if a stay of the writ is granted—and when the tenant's lease expires will invariably be short. Most leases are for one year, and it is unlikely that the entire process of a trial court decision and appellate review could occur all within that one year."). Accordingly, we find *Cheeseman* to be distinguishable and conclude Wimberly has established the eviction action was too short in duration to be fully litigated through appeal before it expired.

{¶ 13} With respect to the second element of the exception, Wimberly asserts that because she is a low-income tenant renting property in Franklin County, she remains subject to the continued threat of eviction by affidavit.   The municipal court decision in

*Jones* referred to affidavit practice as an entrenched part of the court's eviction docket. Wimberly alleges T&R filed three separate forcible entry and detainer actions against her during the period of October 2018 through October 2019, with the two actions filed prior to the case resulting in this appeal being resolved by agreed judgment entry. Wimberly asserts she has moved to an apartment managed by a different company, but claims her current landlord previously has used affidavits to evict other tenants. Therefore, we find Wimberly has established a reasonable expectation that she may be subject to a forcible entry and detainer action again.

{¶ 14} Accordingly, we find this appeal presents an issue that is capable of repetition, yet evading review, and not subject to the mootness doctrine.

## 2. **Exception to mootness for cases presenting a constitutional question or matter of great public or general interest**

{¶ 15} Another exception to the mootness doctrine arises when a case presents a debatable constitutional question or matter of great public or general interest. *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 31 (1987). Considering an otherwise moot appeal because it presents an issue of great public or general interest should only occur with caution on rare occasions. *Cheeseman* at ¶ 24. Citing statistics maintained by the municipal court, amici curiae in support of Wimberly, the city of Columbus and the Columbus Women's Commission, assert that 35,103 forcible entry and detainer actions were filed in the municipal court between January 2017 and December 2018. That equates to an average of 48 eviction actions filed per day over that two-year period. As noted, in *Jones* the municipal court referred to the use of affidavits as an entrenched part of the court's eviction docket. Even amicus curiae in support of T&R, the Columbus Apartment Association claims the issues in this appeal are of great public interest, with the potential to affect every landlord, tenant, and property management company in Franklin County. Under these circumstances, we conclude the present appeal is within an exception to the mootness doctrine because it presents an issue of great general or public interest within Franklin County.

## 3. **Conclusion regarding motion to dismiss**

{¶ 16} Although we find there is no actual, justiciable controversy between Wimberly and T&R because Wimberly has vacated the apartment, we further conclude this

appeal presents an issue capable of repetition, yet evading review, and of great general or public interest. Therefore, we deny T&R's motion to dismiss the appeal.

## C. Analysis of merits of Wimberly's appeal

{¶ 17} Having denied T&R's motion to dismiss, we turn to the merits of Wimberly's appeal. Wimberly argues the trial court erred by granting judgment in favor of T&R in the eviction action based solely on the Owen affidavit, without taking any live testimony. She asserts Civ.R. 43 requires that testimony be taken in open court and that no exceptions to the rule apply in a forcible entry and detainer action, and that the Owen affidavit constituted inadmissible hearsay evidence.

### 1. **Standard of review**

{¶ 18} Wimberly did not appear at the rescheduled hearing on August 19, 2019; because she was not present, she could not object to the magistrate's consideration of the Owen affidavit. However, Wimberly timely filed objections to the magistrate's decision, asserting the magistrate erred by accepting the Owen affidavit as evidence and relying on it in granting judgment for T&R because Civ.R. 43 requires testimony in open court and the Owen affidavit was inadmissible hearsay. When objections are filed to a magistrate's decision, the trial court must undertake an independent de novo review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).[1] *See also James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13. "The standard of review

---

[1] As discussed more fully infra, pursuant to Civ.R. 1(C)(3), some provisions of the civil rules do not apply to forcible entry and detainer actions. The Ohio Supreme Court has determined that some portions of Civ.R. 53 are not applicable in forcible entry and detainer actions, while others are applicable. *See Colonial Am. Dev. Co. v. Griffith*, 48 Ohio St.3d 72, 73 (1990) (holding automatic stay provision of Civ.R. 53 did not apply in forcible entry and detainer actions); *compare Miele v. Ribovich*, 90 Ohio St.3d 439, 444 (2000) (holding provisions of Civ.R. 53 authorizing a magistrate to prepare a decision without factual findings and enabling the trial court to adopt the magistrate's decision without conducting an independent analysis were applicable in forcible entry and detainer actions). The *Miele* decision concluded that the relevant provisions were "neither inconsistent with the summary nature of forcible entry and detainer proceedings nor contrary to this court's previous decisions construing sections of the rule not addressed in this decision." *Miele* at 444. We note that the local rules of the Franklin County Municipal Court authorize the filing of objections to magistrate's decisions pursuant to Civ.R. 53. Loc.R. 7.03 of the Franklin County Municipal Court. Accordingly, for purposes of this decision, we assume that the municipal court's review of objections to a magistrate's decision in a forcible entry and detainer action is subject to the standard set forth in Civ.R. 53(D)(4)(d). *See, e.g., Portage Metro. Hous. Auth. v. Brumley*, 11th Dist. No. 2008-P-0019, 2008-Ohio-5534, ¶ 74-75 (applying Civ.R. 53(D)(4)(d) in considering appeal of municipal court denial of objections to magistrate's decision). Moreover, we note that the municipal court purported to apply this standard in reviewing Wimberly's objections to the magistrate's decision, stating "[t]he Court has made an independent review of the matters objected to, and rules as follows." (Aug. 28, 2019 Decision and Entry at 1.)

on appeal from a trial court that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error." *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14; *Feathers v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-588, 2017-Ohio-8179, ¶ 10.

{¶ 19} In its decision denying Wimberly's objections, the municipal court held the magistrate did not err as a matter of law by accepting the Owen affidavit as evidence. Generally, the admission of evidence is within the discretion of a trial court, and a reviewing court will only reverse upon a showing of an abuse of discretion. *Peters v. Ohio State Lottery Comm.*, 63 Ohio St.3d 296, 299 (1992). This court has also noted that in some instances "questions about whether to admit hearsay often are hybrid questions of fact and law" and that no court has the discretion to commit an error of law. *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 18. An abuse of discretion occurs when a decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).[2]

## 2. Statutory requirements for a forcible entry and detainer action when the defendant does not appear

{¶ 20} R.C. Chapter 1923 governs actions for forcible entry and detainer. R.C. 1923.07 states: "[i]f the defendant does not appear in [an] action under this chapter and the summons was properly served, the court shall try the cause as though the defendant were present." In the context of legal proceedings, to "try" is defined as: "[t]o examine judicially; to examine and resolve (a dispute) by means of a trial." *Black's Law Dictionary* 1827 (11th Ed.2019). A "trial" is further defined as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Black's* at 1812.

---

[2] The parties asserted that plain error review should apply to this appeal due to Wimberly's failure to object to the Owen affidavit at the hearing. Although this decision applies the abuse of discretion standard, we would also find that the municipal court plainly erred by overruling Wimberly's objections in this case. In civil cases, plain error should only be found in extremely rare cases involving exceptional circumstances that challenge the fairness, integrity, or public reputation of the judicial process. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 18AP-109, 2019-Ohio-5318, ¶ 25. The error must be clear on the face of the record and prejudicial to the appellant. *Id.* For the reasons set forth in this decision, relying solely on the Owen affidavit to grant judgment in favor of T&R without taking any testimony in open court and without determining whether the Owen affidavit was admissible under the rules of evidence was clear error. This error was prejudicial to Wimberly because absent the Owen affidavit, T&R did not present any evidence to support its claim and judgment would have been granted in favor of Wimberly.

Thus, under R.C. 1923.07, even when a tenant fails to appear after being properly served, the municipal court must conduct a formal judicial examination of the evidence and reach a determination on a complaint for forcible entry and detainer.

{¶ 21} The issue presented in this appeal implicates the rules that apply at a trial conducted pursuant to R.C. 1923.07 when a tenant fails to appear and what evidence may be considered at such a trial. In a 1980 case, the Sixth District Court of Appeals found that the statutory requirements of R.C. 1923.07 were not satisfied at a hearing where the tenant did not appear and the municipal court judge simply questioned the landlord's attorney before entering judgment in favor of the landlord. *Hampshire Heights, Inc. v. Wormer*, 6th Dist. No. L-80-091 (July 3, 1980). The court reasoned that "[a]s a minimum, one witness should have been sworn and examined or some evidence should have been adduced" to comply with the statutory requirements. *Id. See also Aultman Home for Aged Women v. Ott*, 5th Dist. No. CA-7688 (June 5, 1989) (finding R.C. 1923.07 was not satisfied where landlord's counsel merely recited the allegations set forth in the complaint and no evidence was presented). T&R argues *Hampshire Heights* and *Aultman Home* are distinguishable from the present case because some evidence, in the form of the Owen affidavit, was submitted in this case. We note that neither the trial court record nor the hearing transcript reveals precisely *how* the Owen affidavit was presented to the court. T&R claims the Owen affidavit was admitted into evidence at the hearing. Wimberly argues the Owen affidavit was not tendered as an exhibit at the hearing or filed and served on her, therefore it is not part of the trial court record. Notwithstanding the lack of clarity in the trial record, for purposes of analysis, we will treat the Owen affidavit as though it was properly presented to the trial court for consideration at the hearing. Therefore, we find this case to be distinguishable from *Hampshire Heights* and *Aultman Home* because T&R presented some evidence to support its claim for forcible entry and detainer.

{¶ 22} In overruling Wimberly's objections to the magistrate's decision, the municipal court concluded it was bound by this court's decision in *Blout*. The municipal court held that under *Blout* the magistrate had discretion to admit an affidavit into evidence at an eviction hearing, and therefore did not err as a matter of law by accepting the Owen affidavit and rendering judgment for T&R.

**3. The *Blout* decision**

{¶ 23} *Blout* involved a claim for forcible entry and detainer tried by a referee[3] pursuant to R.C. 1923.07 when the tenant failed to appear for the hearing. *Blout* at 70. The landlord moved to admit certain affidavits and attachments as evidence, but the referee refused to admit the affidavits based on the "try the cause as though the defendant were present" clause of R.C. 1923.07. *Id.* It appears the landlord did not offer any witnesses to provide testimony at the hearing. After excluding the landlord's proffered affidavits, the referee recommended dismissal of the claim for lack of evidence. The municipal court adopted the referee's recommendation and dismissed the claim. *Id.*

{¶ 24} On appeal, the landlord argued the referee erred by rejecting the affidavits because there was no objection to their admission at the hearing. *Id.* This court agreed, holding that even in the absence of an objection the trial court had discretionary authority to admit or exclude evidence. *Id.* at 70-71. We also rejected the suggestion that the trial court was required to exclude the affidavits because they constituted hearsay evidence. This court stated that "[w]hile a trial court *may* exclude such evidence, it is not required to do so in every case." (Emphasis sic.) *Id.* at 71. We held that the municipal court erred by failing to exercise its discretion when it concluded it was bound to exclude the affidavits as a matter of law. *Id.* We reversed and remanded for further proceedings. The *Blout* decision did not analyze whether the specific affidavits and attachments offered by the landlord constituted admissible evidence.

{¶ 25} As noted above, in its decision denying Wimberly's objections in the present case, the municipal court incorporated its earlier decision in *Jones* which asserted that, as a result of *Blout*, the municipal court's practice is to routinely admit affidavits in forcible entry and detainer actions when the tenant does not appear.

**4. Civ.R. 43 and its applicability to forcible entry and detainer actions**

{¶ 26} Wimberly argues that Civ.R. 43, adopted by the Supreme Court 27 years after *Blout* was decided, requires live testimony in open court at trials and hearings, including trials conducted pursuant to R.C. 1923.07 in forcible entry and detainer actions where the defendant is not present. T&R claims our prior decision in *Blout* controls the outcome in this case and argues Civ.R. 43 does not apply to forcible entry and detainer actions based

---

[3] The title of "referee" was changed to "magistrate" through amendments to Civ.R. 53 adopted effective July 1, 1995. 1995 Staff Note, Civ.R. 53; *Miele* at 443, fn. 4.

on limitations contained in the civil rules.  T&R further claims that even if Civ.R. 43 applies, live testimony is not required because affidavits are allowed by statute as a method of taking a witness's testimony.

{¶ 27}  Civ.R. 43 was adopted by the Supreme Court in 2015.  The rule, titled "taking testimony," contains the following provisions:

> **(A) In open court**. At trial or hearing, the witnesses' testimony shall be taken in open court unless a statute, the Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

> **(B) Evidence on a motion**. When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

Because, as discussed above, R.C. 1923.07 required the municipal court to conduct a trial on the eviction action despite her absence, Wimberly argues Civ.R. 43(A) required T&R to present live testimony in open court to establish the elements of the eviction action.

### a. _Limited exceptions from civil rules for forcible entry and detainer actions_

{¶ 28}  T&R argues Civ.R. 43 does not apply to forcible entry and detainer actions pursuant to the limitation contained in Civ.R. 1(C)(3).  Civ.R. 1(C)(3) provides that the civil rules do not apply to actions for forcible entry and detainer "to the extent that they would by their nature be clearly inapplicable."  T&R claims forcible entry and detainer actions are intended to provide an expedited method for landlords to recover possession of their property.  Therefore, T&R asserts, to the extent Civ.R. 43 would require live testimony at a hearing where the tenant does not appear, the rule is clearly inapplicable because it would delay the proceedings and hinder the summary nature of the remedy.

{¶ 29}  The Supreme Court has referred to forcible entry and detainer as a summary or expedited proceeding.  *See Miele v. Ribovich*, 90 Ohio St.3d 439, 441 (2000) ("A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property."); *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 130 (1981) ("Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceeding in which 'any judge of a county court' may

make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord."). This court has similarly stated that a forcible entry and detainer action is intended to be an expedited proceeding. *See, e.g., Dobbins v. Kalson*, 10th Dist. No. 07AP-831, 2008-Ohio-395, ¶ 10 ("The rationale behind excluding eviction proceedings from the civil rules is that forcible entry and detainer is a special, statutory remedy, intended to be a summary proceeding, and its purpose would be frustrated by strict application of the civil rules."). Notwithstanding this general description of forcible entry and detainer actions, a thorough review of R.C. Chapter 1923 indicates that while a forcible entry and detainer action is designed to provide an expedited *outcome*, nothing in the law provides for or suggests an abbreviated or summary *trial*. The statutes in R.C. Chapter 1923 permit expedited service of process, as little as seven days before trial (R.C. 1923.06(A)) and limit the defendant to requesting a continuance of no more than eight days, unless a bond is provided (R.C. 1923.08). Each of these provisions serves to speed the ultimate resolution of a forcible entry and detainer action. However, the law also allows either party to demand a jury trial, which is not consistent with creating a summary or expedited trial procedure. R.C. 1923.10. Moreover, nothing in the statutes governing trials in forcible entry and detainer actions provides for a limited or abbreviated trial. *See* R.C. 1923.07, 1923.09, and 1923.10. The statute at issue in this appeal expressly provides that when the defendant is not present, the court must try the case "as though the defendant were present." R.C. 1923.07.

{¶ 30} Decisions construing the limitation under Civ.R. 1(C)(3) have generally involved procedural rules that would delay the ultimate resolution of an action. The Supreme Court held that a then-existing provision of Civ.R. 53(E) imposing an automatic stay of execution of judgment was inapplicable to forcible entry and detainer actions because of the potential for delaying the time between entry and execution of a judgment. *Colonial Am. Dev. Co. v. Griffith*, 48 Ohio St.3d 72, 73 (1990). Similarly, the Supreme Court held that a then-existing provision of Civ.R. 53(E) requiring a 14-day delay between a referee's report and entry of final judgment "by its nature [was] clearly inapplicable since it would destroy the summary nature of forcible entry and detainer proceedings." *Jackson* at 132. In that same decision, the court held that Civ.R. 54(B), governing judgments on multiple claims, was also inapplicable to forcible entry and detainer actions, because it

could lead to situations where a judgment of restitution would be provisional and unenforceable until other claims were resolved, which would "utterly destroy the summary nature of forcible entry and detainer proceedings." *Id. See also State ex rel. GMS Mgt. Co., Inc. v. Callahan*, 45 Ohio St.3d 51, 55 (1989) ("In light of the summary nature of forcible entry and detainer proceedings pursuant to R.C. Chapter 1923, there should, as a general rule, be no necessity for trial judges to delay their judgments while developing findings of fact and conclusions of law pursuant to Civ.R. 52. Accordingly, we hold that Civ.R. 52 is inapplicable to forcible entry and detainer proceedings on the authority of Civ.R. 1(C).").

{¶ 31} We are unaware of any appellate decisions regarding Civ.R. 43 and the use of affidavits to provide testimony at trial, which is unsurprising given the recent adoption of the rule. The rule was modeled on Fed.R.Civ.P. 43.[4] 2015 Staff Note, Civ.R. 43. Courts analyzing the analogous federal rule have held that it demonstrates a general preference for live testimony to ensure the opportunity for live cross-examination and observation of a witness's demeanor. *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir.1972). *See also In re Adair*, 965 F.2d 777, 779 (9th Cir.1992) (holding that bankruptcy court procedure allowing direct testimony to be presented by written declaration did not violate Fed.R.Civ.P. 43(a) because it "permits oral cross-examination and redirect examination in open court and thereby preserves an opportunity for the judge to evaluate the declarant's demeanor and credibility"); 1996 Advisory Committee Note, Fed.R.Civ.P. 43 ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."). Although the opportunity for cross-examination is not implicated in a hearing

---

[4] We further note that other states have also adopted similar rules modeled on Fed.R.Civ.P. 43 and courts in those states likewise have held that those rules generally require live testimony at trial. *See, e.g., Miller v. Mees*, 2011 ND 166, ¶ 8 (2011) ("However, N.D.R.Civ.P. 43 generally requires oral testimony at trial and does not allow trial by affidavit, and we conclude the district court erred to the extent its decision cited Miller's affidavits and to the extent the court may have relied on those affidavits for the custody decision."); *Bacompt Sys., Inc. v. Peck*, 879 N.E.2d 1, 5 (Ind.Ct.App.2008) ("[P]ursuant to Trial Rule 43(A), testimony was required to be taken in open court in order to preserve Bacompt's rights to cross-examination and the ability of the fact-finder to observe demeanor and determine credibility. In that Angelina's affidavit was introduced into evidence in lieu of her testimony for purposes of establishing—as a matter of fact—the Pecks's purpose in seeking to inspect Bacompt's corporate records, we conclude this was error."). (Internal citations omitted); *Murrow v. Murrow*, 87 N.C.App. 174, 175 (1987) ("Plaintiff contends the trial court erred in ruling that no oral evidence would be taken in this equitable distribution action and that only affidavits would be considered in determining the issues raised. We agree.").

conducted under R.C. 1923.07 when the defendant fails to appear, requiring live testimony in that scenario permits the factfinder to judge the witness's demeanor and seek clarification of the witness's testimony, if needed.

{¶ 32} "To prevail in a forcible entry and detainer action, plaintiff must prove: (1) that the plaintiff met the procedural requirements and properly served the tenant with notice of the eviction, (2) the plaintiff has the right to possess the premises, and (3) the tenant does not have the right to possession." *Garb-Ko v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 54.   In this case, the magistrate found those elements were established by the Owen affidavit, which consisted of a mere eight statements.  After setting forth her competency to testify, authority to testify on behalf of the landlord, and basis of knowledge, Owen averred Wimberly had failed to pay her rent, notice to vacate the apartment was posted on Wimberly's door, Wimberly was behind on rent at the time the notice was posted and at the time the affidavit was made, and Wimberly was still occupying the apartment.  Live testimony to establish these facts would have taken a few minutes at most, and, due to Wimberly's failure to appear at the hearing, there would have been no objections or cross-examination to extend the length of the hearing.  Requiring a landlord to present a witness to give live testimony establishing the elements of a forcible entry and detainer claim might briefly extend the length of a trial, but would not destroy the summary nature of the action.  *See Jackson* at 132.  Therefore, Civ.R. 43(A)'s requirement that witness testimony be taken in open court is not clearly inapplicable to a forcible entry and detainer action, and Civ.R. 1(C)(3) does not preclude application of the rule to forcible entry and detainer actions.

b. *Exceptions recognized under Civ.R. 43*

{¶ 33}  T&R alternatively argues Civ.R. 43 does not apply by its own terms, asserting there is statutory authorization for a witness to testify by affidavit. Civ.R. 43(A) provides that witnesses' testimony shall be taken in open court "unless a statute, the Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." T&R claims R.C. 2319.01 provides an exception to any requirement of testimony in open court under Civ.R. 43(A).  R.C. 2319.01 states that testimony of witnesses may be taken by affidavit, deposition, or oral examination.  R.C. 2319.03 further provides that "[a]n affidavit may be used to verify a pleading, to prove the service of the summons, notice, or other

process in an action; or to obtain a provisional remedy, and examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law."  A hearing on a forcible entry and detainer action does not fit within any of the enumerated categories set forth in R.C. 2319.03; therefore, T&R appears to argue the catch-all provision of the statute constitutes an exception to Civ.R. 43.

{¶ 34} The Supreme Court has addressed R.C. 2319.03 in a case where the plaintiff sought injunctive relief prohibiting the use of certain words in a corporate name that it claimed would lead to confusion in the mind of the public and other detrimental effects. *Natl. City Bank v. Natl. City Window Cleaning Co.*, 174 Ohio St. 510 (1963).  Construing R.C. 2319.03 together with the statutes governing injunctive relief, the court held affidavits could be considered in deciding a request for a temporary injunction, but could not be received in evidence in a trial on the issue of whether a permanent injunction should be granted.  *Id.* at 515.  The court noted: "[t]he general rule * * * is to the effect that by statutory provisions affidavits may be used to obtain a provisional remedy such as a temporary injunction, but they may not be admitted as evidence at a trial on the *merits* where a permanent injunction is sought."  (Emphasis added.)  *Id.* at 515-16.  At a trial on the merits "the adverse party has a right to be confronted by the witnesses against him and, as to affidavits, may invoke the rule which excludes hearsay evidence.  Consequently, affidavits are not generally admissible over objection at the trial to establish facts material to the issue being tried."  *Id.* at 516.

{¶ 35} Relying on *Natl. City*, this court has indicated that the use of affidavits in lieu of live testimony at trial is generally disfavored:

> Ohio courts have held that "[a]ffidavits are not generally admissible over objection at the trial to establish facts material to the issue being tried." *Natl. City Bank v. Natl. City Window Cleaning Co.*, (1963), 174 Ohio St. 510, 516. Because an affidavit is not subject to cross-examination, standing alone, it is inadmissible at trial. *Midstate Educators Credit Union, Inc. v. Werner*, 175 Ohio App.3d 288, 2008-Ohio-641 [(10th Dist.)]. Also, a trial court is unable to adjudge the credibility of an affiant as it would a live witness. In the case at bar, the three affidavits went to the very heart of the issue – whether appellant committed fraud in forging McMillan's name on some of the instruments. Appellant presented no reason for why she could not procure the live testimony of the affiants at the hearing and subject them to cross-examination and

> credibility determinations. To have admitted the affidavits without allowing appellee to cross-examine the affiants and permit the trial court to view the demeanor and gestures of the affiants during live testimony would have been grossly unfair to appellee.

*Burchfield v. McMillan-Ferguson*, 10th Dist. No. 10AP-623, 2011-Ohio-2486, ¶ 25. Other courts of appeals have reached a similar conclusion. *See Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co.*, 111 Ohio App.3d 713, 718 (11th Dist.1996) ("[T]he use of affidavits would be generally inappropriate when used in considering the merits of a case."); *Smithers v. Rossford Exempted Village School Dist. Bd. of Edn.*, 6th Dist. No. 93WD070 (June 10, 1994) ("Affidavits are generally inappropriate when used in considering the merits of a matter."); *Valenti v. Valenti*, 8th Dist. No. 37742 (Oct. 12, 1978) ("[A]n affidavit may not be used in a trial as direct evidence of the issues sought to be established.").

{¶ 36} Based on these cases interpreting the use of affidavits, pursuant to R.C. 2319.03, we conclude the catch-all provision of that statute does not constitute an exception to the Civ.R. 43 requirement that testimony be given in open court.

### c. *Municipal court failed to comply with Civ.R. 43*

{¶ 37} The municipal court magistrate granted judgment in favor of T&R based solely on the Owen affidavit, with no live testimony presented in open court. We conclude Civ.R. 43 applies to forcible entry and detainer actions and requires that testimony be given in open court, unless an exception applies. T&R has failed to demonstrate an exception that would apply in this case. Therefore, the municipal court abused its discretion by overruling Wimberly's objections and allowing the magistrate's decision to stand.

### 5. Exclusion of hearsay evidence contained in Owen affidavit

{¶ 38} Wimberly further argues the magistrate erred by relying on the Owen affidavit because it was hearsay evidence. The Rules of Evidence apply in trials of forcible entry and detainer actions. *See* Evid.R. 101(A) ("These rules govern proceedings in the courts of this state, subject to the exceptions stated in division (C) of this rule."); Evid.R. 101(C) (defining situations where Rules of Evidence do not apply). Generally, hearsay evidence is not admissible under the Rules of Evidence, except as otherwise permitted under a constitutional provision, statute, or rule. Evid.R. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing,

offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Under the Rules of Evidence, a statement includes a written assertion. Evid.R. 801(A).

{¶ 39} The Owen affidavit was undoubtedly hearsay evidence because the statements contained in the affidavit were made outside the hearing and offered to prove the truth of the matters asserted therein. Evid.R. 803 provides certain exceptions to the exclusion of hearsay evidence, but none of those exclusions apply to the Owen affidavit. The rule provides an exception for records kept in the course of regularly conducted business activity, but that exception would not apply to the Owen affidavit because it was not a "memorandum, report, record, or data compilation * * * kept in the course of a regularly conducted business activity" and it was prepared for the purpose of litigation. Evid.R. 803(6). *See also Ford v. Sunbridge Care Ents.*, 8th Dist. No. 103031, 2016-Ohio-1122, ¶ 14 ("[T]he report was not created in the regularly conducted business of diagnosing or treating a patient, and a reasonable inference may be made that Dr. Fortgang made the Age of Injury Analysis Report solely for purposes of this litigation. And since Dr. Fortgang was not available for cross-examination, the report was inadmissible."); *Cranford v. Buehrer*, 2d Dist. No. 26266, 2015-Ohio-192, ¶ 24 ("Dr. Hofmann's sworn statement is not a 'memorandum, report, record, or dat[a] compilation,' and it was prepared at the request of Cranford's attorneys for purposes of litigation, not as a business record. The statement does not fall within Evid.R. 803(6)."). Further, a business record admissible under Evid.R. 803(6) must be properly identified or authenticated and the record does not reflect any identification or authentication of the Owen affidavit in this case. *See, e.g., State v. Lawson*, 10th Dist. No. 19AP-68, 2020-Ohio-3004, ¶ 15. Evid.R. 804 provides certain exceptions to the hearsay exclusion when a declarant is unavailable as a witness, but there was no indication Owen was unavailable to testify at the hearing, as defined by the rule, and none of the exceptions provided under the rule would apply to the statements contained in the affidavit.

{¶ 40} T&R argues the Owen affidavit was admissible at the hearing despite being hearsay because it contained adequate indicia of reliability. We note that all the cases T&R cites in support of this argument involve application of the Confrontation Clause of the Sixth Amendment to the United States Constitution, which applies to criminal prosecutions and is not implicated in a forcible entry and detainer action. Moreover, T&R has failed to

demonstrate the type of reliability contemplated in those decisions.  T&R primarily relies on the Supreme Court's decision in *State v. Madrigal*, 87 Ohio St.3d 378 (2000), which followed the United States Supreme Court's decision in *Ohio v. Roberts*, 448 U.S. 56 (1980). In *Roberts*, the court held that "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Roberts* at 66.[5] "In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness."  *Id.*  As set forth above, the record does not indicate the Owen affidavit would fit within any recognized exception to the hearsay rule under the Rules of Evidence. T&R appears to argue the reliability of the Owen affidavit arose from the fact that affidavits are regularly used in forcible entry and detainer cases in Franklin County.  However, the fact that such affidavits are routinely used does not demonstrate any particularized guarantees of trustworthiness for statements made by landlords or their employees or agents in affidavits intended to support forcible entry and detainer actions.  This was not an exception such as a hearsay statement to a close family member.  *See, e.g., State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 46-54 (finding admission of defendant's statement to his wife admitting criminal activity did not violate the Confrontation Clause in part because statements to close family members have particularized guarantees of trustworthiness).

{¶ 41} Assuming for purposes of analysis that an affidavit could be an acceptable form of testimony at a hearing under R.C. 1923.07, in this case the Owen affidavit should not have been admitted because it was hearsay evidence not admissible under any exception to the general exclusion of hearsay evidence.  Therefore, the municipal court abused its discretion by overruling Wimberly's objections on this ground and allowing the magistrate's decision to stand.

### 6. **Analysis of whether *Blout* must be overruled**

{¶ 42} As set forth above, in the present appeal we conclude the municipal court abused its discretion by overruling Wimberly's objections and concluding the magistrate did not err by accepting the Owen affidavit as evidence.  In reaching this conclusion, the municipal court held that admission of the Owen affidavit was proper under our decision

---

[5] Additionally, we note that *Roberts* was subsequently overruled by the United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 60-69 (2004).

in *Blout.* Therefore, we are faced with the question of whether it is necessary to overrule *Blout.*

{¶ 43} We do not lightly contemplate overruling a precedent that has guided the practice of the municipal court for more than 30 years. The doctrine of stare decisis forms "the bedrock of the American judicial system."[6] *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 1. Under this doctrine, "courts follow controlling precedent, thereby 'creating stability and predictability in our legal system.' " *In re Holycross*, 112 Ohio St.3d 203, 2007-Ohio-1, ¶ 22, quoting *Galatis* at ¶ 1.

{¶ 44} Notwithstanding the vital role of stare decisis, there are times when it is appropriate for a court to overrule one of its own prior decisions. " 'It does no violence to the legal doctrine of stare decisis to right that which is clearly wrong. It serves no valid public purpose to allow incorrect opinions to remain in the body of our law.' " *State ex rel. Bd. of Cty. Commrs. of Lake Cty. v. Zupancic*, 62 Ohio St.3d 297, 300 (1991), quoting *Scott v. News-Herald*, 25 Ohio St.3d 243, 254 (1986) (Holmes, J., concurring). The Supreme Court adopted a three-part test for overruling its own decisions, holding that a prior decision may be overruled where: "(1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." *Galatis* at ¶ 48. This court has applied the *Galatis* test in determining when it is appropriate to overrule our own prior decisions. *See Cleveland Constr., Inc. v. Kent State Univ.*, 10th Dist. No. 09AP-822, 2010-Ohio-2906, ¶ 43-44; *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 22-27.

{¶ 45} The Supreme Court has also recognized that stare decisis has a reduced role in cases involving procedural, rather than substantive, rules. *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, ¶ 10, citing *State v. Silverman*, 121 Ohio St.3d 581, 2009-Ohio-1576, ¶ 31-33. Because *Blout* involved the procedures to be used in the trial of a forcible entry and detainer action, we need not apply the *Galatis* standard before overruling it. *Gator Milford* at ¶ 10. *See also State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-240, 2019-Ohio-4947, ¶ 11

---

[6] The phrase "stare decisis" is shorthand for the maxim "stare decisis et non quieta movere – 'stand by the past decisions and do not disturb settled things.' " *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 4 (1989), quoting *Black's Law Dictionary* 1261 (5th Ed.1979).

(applying *Silverman* and *Gator Milford* when overruling prior decision related to court's jurisdiction in mandamus actions).

{¶ 46}   In consideration of R.C. 1923.07 and due to the enactment of Civ.R. 43 after *Blout* was decided, we overrule *Blout* to the extent it has been interpreted as permitting the municipal court to grant judgment on a forcible entry and detainer claim relying solely on statements contained in an affidavit without any testimony being offered in open court.

## 7. **Conclusion as to merits of appeal**

{¶ 47} When the defendant in a forcible entry and detainer action fails to appear, R.C. 1923.07 requires the municipal court to try the case as though the defendant was present. We conclude a trial conducted pursuant to R.C. 1923.07 is subject to the requirements of Civ.R. 43 and the Ohio Rules of Evidence.  The trial conducted by the magistrate in this case did not comply with Civ.R. 43 because the magistrate relied solely on an affidavit submitted by T&R and no testimony was presented in open court.  Although Wimberly did not appear at the hearing before the magistrate, she raised these issues in objections to the magistrate's decision.  Therefore, the municipal court abused its discretion by overruling Wimberly's objections to the magistrate's decision.  Accordingly, we sustain Wimberly's sole assignment of error.  On remand, the municipal court should vacate the judgment in favor of T&R and enter judgment for Wimberly, due to lack of evidence to establish the elements of T&R's forcible entry and detainer claim.

## IV. Conclusion

{¶ 48} For the foregoing reasons, we deny T&R's motion to dismiss Wimberly's appeal, sustain Wimberly's sole assignment of error, and reverse the judgment of the Franklin County Municipal Court.  We remand this matter to that court with instructions.

*Motion to dismiss denied;*
*judgment reversed and cause*
*remanded with instructions.*

KLATT and BRUNNER, JJ., concur.