E.J. JONES, Sr., Plaintiff,

v.

CARGILL NUTRENA FEED DIVISION, et al., Defendants.

Civ. A. No. 87–00617–BH.

United States District Court, S.D. Alabama, S.D.

Aug. 11, 1987.

Bayless E. Biles, Bay Minette, Ala., for plaintiff.

David Scott Wright, Mobile, Ala., for defendants.

## ORDER

HAND, Chief Judge.

This cause is before the Court on plaintiff's motion to remand. The case was originally filed in the Circuit Court of Baldwin County, Alabama by the plaintiff on June 2, 1987. The defendant, Cargill, Incorporated, (Cargill) filed with this Court a petition and bond for removal to this Court on July 2, 1987. Removal was based on 28 U.S.C. § 1332. Defendant filed notice of the removal petition with the clerk of the Circuit Court of Mobile County, Alabama on July 2, 1987. The notice ultimately reached the proper state court, the Circuit Court of Baldwin County, on July 7, 1987.

Initially at issue is an amended complaint filed by the plaintiff on July 6, 1987 in the Circuit Court of Baldwin County, which added a non-diverse party defendant. Plaintiff contends that the defendant's removal petition was not effective until the Baldwin County Circuit Court received notice on July 7, 1987 and that, therefore, the Baldwin County Circuit Court still had jurisdiction over the case and properly accepted the amended complaint on July 6, 1987. Defendant contends that the state court lacked jurisdiction to accept the amended complaint which destroyed diversity. In the alternative, the defendant contends that the theory of recovery in the original complaint is a "[s]eparate and independent claim ... removable if sued upon alone ..." from the theory of recovery added in the amended complaint. And as such, 28 U.S.C. § 1441(c) authorizes removal of the entire case to this Court.

Upon consideration of the plaintiff's motion to remand, together with defendant Cargill's response to said motion and the record as a whole, the Court concludes that plaintiff's motion is due to be GRANTED.

■■■ The record indicates that the defendant apparently attempted to file its notice of filing of petition and bond for removal on July 2, 1987 with the Circuit Court of Mobile County. The notice was obviously filed in the wrong state court and did not reach the Circuit Court of Baldwin County, the court of origination, until July 7, 1987, one day after the amended complaint was filed. The proper procedure for removal is as follows:

> Promptly after the filing of such petition for the removal of civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and *shall file a copy of the petition with the clerk of such state court, which shall effect the removal* and the state court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(e) (emphasis added). All requirements of the federal statute must be fulfilled to effect removal. Until such time, the state court retains jurisdiction over the case and may proceed. *See Stephens v. Portal Boat Company;* 781 F.2d 481 (5th Cir.1986); *Delavigne v. Delavigne,* 402 F.Supp. 363 (D.Md.1975), *aff'd,* 530 F.2d 598 (4th Cir.1976); *Berberian v. Gibney,* 514 F.2d 790 (1st Cir.1975); *see also Donlan v. F.H. McGraw & Co.,* 81 F.Supp. 599 (D.C.N.Y.1948); *Ramahi v. Hobart Corporation,* 47 Or.App. 607, 615 P.2d 348 (1980).

■■■ The alternate contention of defendant Cargill is based on the federal statute defining when actions are generally removable to the federal district court.

> Whenever a separate and independent claim or cause of action, which would be

removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c). More than one theory of recovery against joint defendants for a single wrong does not constitute separate and independent claims to allow removal. "Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 28 U.S.C. § 1441(c)." *American Fire & Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *See also Johnson v. Allstate Insurance Company,* 633 F.Supp. 43 (S.D.Ala. 1986).

It is, therefore, ORDERED that the case be REMANDED to the Circuit Court of Baldwin County, Alabama. The clerk of this Court is directed to take the necessary steps to effectuate this transfer.