OPINION
{¶ 1} Plaintiff-appellant Citizens Financial Services, Inc. presents this appeal from the judgment of the Youngstown Municipal Court which stayed all collection proceedings on the grounds that a notice of removal was filed by defendant-appellee Pamela Hightower. The main issue is whether a valid notice of removal was filed. For the following reasons, the judgment of the trial court is reversed and this case is remanded to immediately allow the ordered garnishment or other collection measures to proceed.
 STATEMENT OF THE CASE {¶ 2} On May 6, 2003, appellee borrowed $1,409.07 from appellant Citizens Financial Services, Inc. The debt was evidenced by a promissory note whereby appellee agreed to repay the loan over three years by making monthly payments. In August 2004, appellee stopped making payments.
 {¶ 3} Thus, on October 4, 2004, appellant filed a complaint for the balance of $1,238.16 plus contractual interest of 25% per annum. Default judgment was entered on November 20, 2004, whereby the court entered judgment for appellant for $1,238.16 plus interest and costs.
 {¶ 4} Appellant attempted garnishment proceedings in relation to a suspected bank account. Appellee then filed notice of removal to the United States District Court for the Northern District of Ohio. The garnishment proceedings were thus stayed.
 {¶ 5} In January 2005, the District Court remanded the case to Youngstown Municipal Court finding a lack of subject matter jurisdiction in the federal court and an improper removal. On February 16, 2005, appellant filed a notice of garnishment regarding appellee's wages at Delphi Packard.
 {¶ 6} Appellee filed some strange documents, which appellant responded to with a motion for a more definite statement or to strike. On March 15, 2005, the court granted appellant's motion for a more definite statement or to strike if the statement was not corrected with fourteen days.
 {¶ 7} On March 22, 2005, appellee filed a copy of a twenty-one page complaint allegedly seeking to vacate a void judgment and requesting injunctive and declaratory relief, which she claimed to have filed in the "Pembina Nation Little Shell Band Federal Tribal Circuit Court."
 {¶ 8} On March 24, 2005, she filed a copy of a "Mandatory Judicial Notice/Notice of Objection in the Nature of an Affidavit," which she claimed to have filed in said Tribal Court. This document stated that the case had been removed from the jurisdiction of the Youngstown Municipal Court and transferred to the jurisdiction of the Tribal Court. The notice "ordered" the court to cease all activity pursuant to original federal jurisdiction and claimed that registered tribal members are exempt from all civil suits. This document was not file-stamped by the purported Tribal Court.
 {¶ 9} Still, the trial court immediately released a judgment entry on March 24, 2005, staying all proceedings in the case based upon the alleged notice of removal. Appellant filed a Civ.R. 60(B) motion to vacate or to reconsider on April 19, 2005. They attached evidence of their research showing that there is no such court at the address listed by appellee, that the "judge" named in the notice had been arrested for impersonating a federal judge and that the Pembina Nation had banished such person from tribe membership.
 {¶ 10} On April 21, 2005, appellant filed timely notice of appeal. Appellant asked us to remand so the trial court could review its Civ.R. 60(B) materials. On June 2, 2005, we remanded for sixty days. We then extended the remand until October 10, 2005. However, the trial court never ruled on the motion to vacate. Thus, briefing was ordered to proceed.
ASSIGNMENT OF ERROR
 {¶ 11} Appellant's sole assignment of error provides:
 {¶ 12} "IT WAS REVERSIBLE ERROR AS A MATTER OF LAW FOR THE TRIAL COURT TO ALLOW REMOVAL TO THE `PEMBINA NATION LITTLE SHELL BAND FEDERAL TRIBAL CIRCUIT COURT.'"
 {¶ 13} Appellant briefly sets forth various arguments, including allegations that the removal forum is fictitious, appellee failed to establish her membership in the tribe, lack of minimum contacts, lack of venue, unavailability of the removal remedy, and the fact that the matter has already been reduced to final judgment.
 {¶ 14} As for many of these arguments, it is not the province of the state court to substantively determine whether a properly filed removal should stand or whether the case should be remanded. See Kloeb v. Armour Co. (1940), 311 U.S. 199. See, also, Nyamusevya v. Medical Mut. of Ohio, 10th Dist. No. 02AP-769, 2003-Ohio-3335, ¶ 24-25 (proper filing of notice of removal immediately strips state court of jurisdiction); Shunkv. Shunk Mfg. Co. (1945), 75 Ohio App. 253, 255 (state court has duty to accept removal after defendant takes proper statutory steps).
 {¶ 15} As for the fictitious forum argument, this involves evidence de hors the record, which was our entire purpose of remanding for the trial court to address the Civ.R. 60(B) motion. However, the trial court failed to consider the motion even with the long period of remand for that purpose and even with the allegations of a fraud upon the court.
 {¶ 16} The most meritorious argument revolves around the fact that there is no evidence that removal was accomplished. That is, the document containing a notice of removal is not file-stamped by the purported court. A case cannot be stayed due to removal proceedings without evidence that a notice of removal was actually filed.
 {¶ 17} For instance, 28 U.S.C. 1446 (a) provides that the defendant shall file the notice of removal in the district court within which the action is pending. And, 28 U.S.C. 1446 (d) states:
 {¶ 18} "Promptly after the filing of such notice of removal
of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." (Emphasis added).
 {¶ 19} The state court only loses jurisdiction to proceed if the petition is filed in the court of removal and a copy of such filing is then filed in the state court. See South Carolina v.Moore (C.A.4, 1970), 447 F.2d 1067, 1073. The notice of removal must be filed in both courts. Borkowski v. Borkowski, 6th Dist. No. F-04-020, 2005-Ohio-2212, ¶ 5, 7, 15 (where the notice filed in the state court had been file-stamped by the district court, the trial court lost jurisdiction to proceed).
 {¶ 20} However, if the removal notice was never filed in the court of removal, then the state court is not prohibited from acting. The state court only loses such jurisdiction if the notice of removal was in fact filed. See Nyamusevya at ¶ 24. A file-stamp from the court of removal is required to evidence the proper filing. Fox v. Stames (Dec. 8, 1989), 11th Dist. No. 88-L-13-192.
 {¶ 21} In Fox, the state trial was to begin on September 15, 1988 at 9:30 a.m. A notice of removal was filed in that court at 8:44 a.m. However, it was not file-stamped by the district court. The trial was thus held in that party's absence. Just after noon, the absent party filed a second notice of removal that showed a district court file-stamp at 9:21 a.m. that day, which was after the notice was filed in state court.
 {¶ 22} The appellate court held that the removal notice had to have been file-stamped by the district court and then the file-stamped copy had to have been filed in the state court before it was effective to divest the trial court of jurisdiction. Id., citing Jones v. Cargill Nutrena Feed Div.
(S.D. Ala. 1987), 665 F.Supp. 907, 908. The court concluded that the filing of a "naked petition" that had not been filed in the court of removal had no effect. Id.
 {¶ 23} Here, appellee has also filed a "naked petition." It contains no official file-stamp from this purported Tribal Court. A claim that a case is removed without evidence of such removal does not divest the state court of jurisdiction or allow a stay of the proceedings. If this were the case, then the stay would be indefinite in cases such as this where the notice of removal was never actually filed. The case would languish in limbo due to what could end up being framed as a fraud upon the court.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby reversed and this case is remanded for immediate completion of the garnishment proceedings.
Waite, J. concurs.
DeGenaro, J., concurs.