[Cite as *Henry Cty. Land Reutilization Corp. v. Pelmear*, 2022-Ohio-4231.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

HENRY CTY. LAND REUTILIZATION CORP.,

    PLAINTIFF-APPELLEE,                CASE NO. 7-22-05

    v.

DOUGLAS ALAN PELMEAR,           O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Napoleon Municipal Court
Trial Court No. CVG 2200091

Judgment Reversed and Cause Remanded

Date of Decision:   November 28, 2022

---

**APPEARANCES:**

    *Andrew R. Schuman* **for Appellant**

    *Michael P. Cavanaugh and Katie Nelson* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Douglas Alan Pelmear, appeals the May 13, 2022 judgment of the Napoleon Municipal Court. For the reasons that follow, we reverse.

### I. Facts & Procedural History

{¶2} On March 16, 2022, plaintiff-appellee, Henry County Land Reutilization Corporation (the "Land Bank"), filed a complaint for forcible entry and detainer against Pelmear. According to the allegations of the complaint, Pelmear entered upon the premises—a former school building in the village of Florida, Henry County, Ohio—under a lease agreement. The Land Bank attached a copy of the half-page handwritten lease agreement to its complaint. Per the terms of the non-residential lease, Pelmear agreed to lease the second floor and gym of the former school building from a Matthew Prigge from January 1, 2003, through December 31, 2010. (Doc. No. 1, Ex. A). The lease agreement was signed by Pelmear and Prigge and it does not make reference to the Land Bank. (Doc. No. 1, Ex. A). The Land Bank alleged in its complaint that it had notified Pelmear that it was terminating Pelmear's tenancy of the former school building by serving him with a 30-day notice of termination and a 3-day notice to vacate. Copies of these notices were attached to the Land Bank's complaint. The 30-day notice, which was dated January 24, 2022, informed Pelmear that his lease of the former school building was being terminated and that he had 30 days to quit the premises. (Doc.

No. 1, Ex. B). The 3-day notice, which the Land Bank alleged it served on Pelmear on February 25, 2022, instructed Pelmear that he had 3 days to vacate the premises and that his failure to do so might result in the filing of an eviction action. (Doc. No. 1, Ex. C). Both notices were signed by the Land Bank's president and mention the Land Bank by name but neither includes any reference to Prigge. (Doc. No. 1, Exs. B, C). According to the complaint, Pelmear began unlawfully occupying the former school building on February 28, 2022. The Land Bank requested that it be restored to possession of the premises.

{¶3} On March 22, 2022, Pelmear filed an answer to the Land Bank's complaint. Pelmear did not directly respond to the averments in the Land Bank's complaint. Instead, Pelmear asserted that the Land Bank's forcible entry and detainer action was an "eminent domain process." (Doc. No. 4). He claimed he had a possessory interest in the property as a result of a "Federal Common Law Lien" he filed against the former school building and that the Land Bank was trying to appropriate his proprietary interest in the building. Pelmear requested a "jury to determine the amount of fair compensation for [his] interest of the property." (Doc. No. 4).

{¶4} On March 29, 2022, the Land Bank filed a motion for judgment on the pleadings. In its motion, the Land Bank asserted that, in his answer, Pelmear did not deny receiving the 30-day notice or the 3-day notice. The Land Bank further

stated that Pelmear did not "offer a valid defense to the present action." (Doc. No. 9). Notably, attached to the Land Bank's motion for judgment on the pleadings was a copy of a quitclaim deed evidencing that Prigge had conveyed the former school building to the Land Bank on January 5, 2022. (Doc. No. 9, Ex. A).

{¶5} On April 18, 2022, Pelmear filed an amended answer to the Land Bank's complaint. Unlike his initial answer, Pelmear's amended answer contained specific responses to each of the averments in the Land Bank's complaint. Pelmear denied three of the four averments in the Land Bank's complaint, and with respect to the fourth averment, Pelmear stated that he was "without knowledge to the averments, but leaves plaintiff's [sic] to their proofs." (Doc. No. 13). In a separate filing on April 18, 2022, Pelmear responded to the Land Bank's motion for judgment on the pleadings, maintaining that his amended answer rendered the Land Bank's motion moot.

{¶6} A hearing on the Land Bank's motion for judgment on the pleadings was held on May 13, 2022. Pelmear attended the hearing, as did counsel for the Land Bank. Following the parties' arguments, the trial court granted the Land Bank's motion for judgment on the pleadings and ordered a writ of restitution be issued for the former school building. Shortly after the hearing, the trial court filed its judgment entry documenting its ruling and order.

{¶7} A writ of restitution was subsequently issued. However, rather than setting forth the correct address of the former school building, the writ of restitution listed Pelmear's home address as the premises to be restored to the Land Bank's possession. As far as can be ascertained from the record, the writ of restitution was served on Pelmear at his home address on May 20, 2022, and a corrective writ was never issued. At oral argument, counsel for both parties represented that Pelmear remains in possession of the former school building.

## II. Assignments of Error

{¶8} On June 9, 2022, Pelmear timely filed a notice of appeal. He raises the following three assignments of error for our review:

> **1. The trial court abused its discretion in granting the motion for judgment on the pleadings.**
>
> **2. The trial court failed to apply the proper standard for granting a motion for judgment on the pleadings.**
>
> **3. The trial court failed to articulate any reasons for granting the motion for judgment on the pleadings, depriving appellant of due process.**

## III. Discussion

**A. First Assignment of Error: Did the trial court err by granting the Land Bank's motion for a judgment on the pleadings?**

{¶9} In his first assignment of error, Pelmear argues that the trial court erred by granting the Land Bank's motion for judgment on the pleadings.

### i. Civ.R. 12(C) Motions for Judgment on the Pleadings

{¶10} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering a Civ.R. 12(C) motion for judgment on the pleadings, the court is limited to the statements contained in the parties' pleadings and any writings attached as exhibits to those pleadings. *Socha v. Weiss*, 8th Dist. Cuyahoga No. 105468, 2017-Ohio-7610, ¶ 9. "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Judgment on the pleadings is appropriate where the trial court, after construing the material averments, admissions, or denials of the pleadings, with all reasonable inferences to be drawn therefrom, in a light most favorable to the non-moving party, finds beyond doubt that the non-moving party could prove no set of facts entitling him to relief. *Id.*; *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, ¶ 10. "An appellate court reviews a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings de novo and considers all legal issues without deference to the trial court's decision." *Wentworth v. Coldwater*, 3d Dist. Mercer No. 10-14-18, 2015-Ohio-1424, ¶ 15.

### ii. Forcible Entry & Detainer

**{¶11}** "'Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceeding in which "any judge of a county court" may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord.'" *Miele v. Ribovich*, 90 Ohio St.3d 439, 441 (2000), quoting *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 130 (1981). "An action for forcible entry and detainer serves as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. Franklin No. 15AP-641, 2016-Ohio-1602, ¶ 15, citing *Miele* at 441. "A judgment on such an action determines the right to immediate possession of the real property and nothing else." *Id.* "To prevail in a forcible entry and detainer action, plaintiff must prove: (1) that the plaintiff met the procedural requirements and properly served the tenant with notice of the eviction, (2) the plaintiff has the right to possess the premises, and (3) the tenant does not have the right to possession." *Garb-Ko, Inc. v. Benderson*, 10th Dist. Franklin Nos. 12AP-430, 12AP-474, 12AP-475 and 12AP-476, 2013-Ohio-1249, ¶ 54.

### iii. The trial court erred by granting the Land Bank's motion and entering judgment against Pelmear.

**{¶12}** As an initial matter, we note the possibility that Civ.R. 12(C) was not even applicable to the dispute in this case. Pursuant to Civ.R. 1(C)(3), the Rules of Civil Procedure, "to the extent that they would by their nature be clearly

inapplicable, shall not apply to procedure * * * in forcible entry and detainer."

"Decisions construing the limitation under Civ.R. 1(C)(3) have generally involved procedural rules that would delay the ultimate resolution of an action." *T&R Properties, Inc. v. Wimberly*, 10th Dist. Franklin No. 19AP-567, 2020-Ohio-4279, ¶ 30. Accordingly, certain provisions of the Rules of Civil Procedure are inapplicable where their application "would utterly destroy the summary nature of forcible entry and detainer proceedings." *Jackson* at 132. The Rules of Civil Procedure may also yield when they conflict with the express terms and provisions of the forcible entry and detainer statutes. *See Adlaka v. Quaranta*, 7th Dist. Mahoning No. 09 MA 134, 2010-Ohio-6509, ¶ 37-43 (concluding that the real-party-in-interest rule set forth in Civ.R. 17(A) does not apply in forcible entry and detainer proceedings because "R.C. 1923.01(C)(2) authorizes a 'landlord' to bring an action in forcible entry and detainer, and 'landlord' is defined more broadly than a real party in interest pursuant to Civ.R. 17(A)"). Nevertheless, we need not determine in this case whether or when Civ.R. 12(C) applies in forcible entry and detainer proceedings. Regardless of Civ.R. 12(C)'s applicability, the trial court erred by granting judgment in favor of the Land Bank.

{¶13} Assuming Civ.R. 12(C) applied in this case, the trial court erred by granting the Land Bank's Civ.R. 12(C) motion because, from the pleadings, it does not appear beyond doubt that Pelmear could prove no set of facts sufficient to sustain

a defense against the Land Bank's claimed right to immediate possession of the former school building or that the Land Bank was entitled to immediate possession of the former school building as a matter of law. First, construing the allegations of the Land Bank's complaint in a light most favorable to Pelmear, it is far from clear that the Land Bank has *any* right to possess the former school building. In its complaint, the Land Bank did not aver that it owns the former school building or that it had assumed Prigge's position as Pelmear's lessor. Nor do the attachments to the Land Bank's complaint establish the Land Bank's ownership of the former school building, its relationship to Prigge, or its connection to the lease agreement between Pelmear and Prigge. Thus, from the face of the complaint and its attachments, it appears that the Land Bank is both a stranger to the former school building and a stranger to the lease agreement between Pelmear and Prigge. While we acknowledge that the Land Bank supported its Civ.R. 12(C) motion with a copy of a quitclaim deed showing that it had acquired the former school building from Prigge on January 5, 2022, materials attached to a motion for judgment on the pleadings cannot be considered when ruling on the motion. *C&K Indus. Servs., Inc. v. McIntyre, Kahn & Kruse Co., L.P.A.*, 8th Dist. Cuyahoga No. 92233, 2009-Ohio-2373, ¶ 12. Therefore, from the Land Bank's complaint and the exhibits attached thereto, there is no basis for finding that the Land Bank has a right to immediate

possession of the former school building, let alone a possessory right superior to Pelmear.

**{¶14}** Furthermore, construing Pelmear's answers in a light most favorable to him, material factual issues exist that preclude judgment in favor of the Land Bank at this stage. Pelmear's initial answer failed to respond specifically to each of the averments in the Land Bank's complaint. The Land Bank seized on Pelmear's oversight, arguing, among other things, that Pelmear did not deny that he received the 30-day notice or the 3-day notice. (*See* Doc. No. 9). However, Pelmear's failure to specifically deny the allegations of the Land Bank's complaint did not result in his admission of the same. Although averments not denied are deemed admitted when the averment is asserted in a pleading to which a responsive pleading is required, "[a]verments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Civ.R. 8(D). Because forcible entry and detainer actions are intended to be summary proceedings, answers, while generally allowed, are not provided for or required under R.C. Chapter 1923. *See Stotter v. L&D Welding Co., Inc.*, 8th Dist. Cuyahoga No. 48968, 1985 WL 8981, *2 (May 2, 1985). Consequently, as of the date of filing of the Land Bank's Civ.R. 12(C) motion, the averments of the Land Bank's complaint ought to have been treated as denied or avoided rather than as admitted. Moreover, subsequent to the filing of the Land Bank's Civ.R. 12(C) motion, Pelmear, without leave of court,

filed an amended answer specifically responding to each of the averments of the Land Bank's complaint, including the Land Bank's averments that it served him with a 30-day notice to terminate the lease and a 3-day notice to vacate the premises. (*See* Doc. No. 13). Insofar as the Rules of Civil Procedure applied, and assuming for now that they did, Pelmear's amended answer was procedurally proper and timely, having been filed 27 days after he filed his initial answer. *See* Civ.R. 15(A) ("A party may amend its pleading once as a matter of course within twenty-eight days after serving it * * *."). Thus, whether pursuant to his initial answer or his amended answer, Pelmear denied or effectively denied each of the averments of the Land Bank's complaint. *See* Civ.R. 8(B) and Civ.R. 8(D). Construing these denials in a light most favorable to Pelmear, it does not appear beyond doubt that Pelmear is without a defense to the Land Bank's claim or that the Land Bank is entitled to judgment as a matter of law. *See, e.g.*, *Barr Hotel Co. v. Lloyd Mackeown Buick Co.*, 104 Ohio App. 69, 75 (3d Dist.1957) ("Proper service of the notice to leave premises is not only a condition precedent to beginning an action in forcible entry and detainer but, when controverted, * * * is an essential element of plaintiff's case in chief."). Accordingly, to the extent that Civ.R. 12(C) applied in this case, the trial court erred by granting the Land Bank's motion for judgment on the pleadings.

{¶15} And the result is the same even if Civ.R. 12(C) was not applicable to the proceedings below. R.C. 1923.07 states that "[i]f the defendant does not appear

in [an] action under [R.C. Chapter 1923] and the summons was properly served, the court shall try the cause *as though the defendant were present*." (Emphasis added.). "[U]nder R.C. 1923.07, even when a tenant fails to appear after being properly served, the municipal court must conduct a formal judicial examination of the evidence and reach a determination on a complaint for forcible entry and detainer." *T&R Properties, Inc.*, 2020-Ohio-4279, at ¶ 20. Surely, a trial court cannot have less of an obligation to receive and examine evidence when a defendant is present and contesting his eviction than it does when a defendant fails to appear. Here, at the hearing preceding the trial court's grant of judgment in favor of the Land Bank, no witnesses were sworn, no testimony was taken, no exhibits were introduced, and no facts were stipulated. As a result, the trial court's grant of judgment in favor of the Land Bank was not based on any evidence. Insofar as some evidentiary showing was required before judgment could be entered in favor of the Land Bank and this showing was utterly lacking, the trial court erred by granting judgment in favor of the Land Bank.

{¶16} Pelmear's first assignment of error is sustained.

### IV. Conclusion

{¶17} For the foregoing reasons, Pelmear's first assignment of error is sustained. Given our resolution of Pelmear's first assignment of error, his remaining two assignments of error are rendered moot. *See* App.R. 12(A)(1)(c). Having found

error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Napoleon Municipal Court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**