[Cite as *Henry Cty. Land Reutilization Corp. v. Pelmear*, 2023-Ohio-2718.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

**HENRY COUNTY LAND
REUTILIZATION CORP.,**

    **PLAINTIFF-APPELLEE,**             **CASE NO.  7-23-03**

    **v.**

**DOUGLAS ALAN PELMEAR,**             **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Napoleon Municipal Court
Trial Court No.  CVG2200091**

**Judgment Affirmed**

**Date of Decision:  August 7, 2023**

**APPEARANCES:**

    *Douglas Alan Pelmear,* **Appellant**

    *Katie L. Nelson* **for Appellee**

Case No. 7-23-03

**WALDICK, J.**

{¶1} Defendant-appellant, Douglas Alan Pelmear ("Pelmear"), brings this appeal from the January 24, 2023, judgment of the Napoleon Municipal Court granting a writ of restitution to plaintiff-appellee, Henry County Land Reutilization Corporation ("Land Bank"). For the reasons that follow, we affirm the judgment of the trial court.[1]

*Background*

{¶2} Matthew Prigge ("Prigge") purchased a decommissioned schoolhouse from the prior owner in 1997. Prigge lived in the schoolhouse for 8 or 9 years and used the school's old shop to repair vehicles.

{¶3} Prigge also earned income by renting classrooms as storage spaces, and renting the gym to people who wanted to use it. Prigge continued to use the schoolhouse as a residence and as an investment until water and sewer were no longer provided to the building. With no water and sewer, Prigge moved out of the schoolhouse and those renting the gymnasium stopped using it. Prigge then started to fall behind on his property taxes.

---

[1] Land Bank filed a motion to dismiss Pelmear's appeal as moot, contending that Pelmear did not receive a stay of execution on the writ of restitution and that he has since been removed from the subject property. In fact, both parties indicated at oral argument that the building has actually been torn down at this point. While this would make some of Pelmear's arguments moot, the record we are confined to before us does not actually establish Pelmear's removal or the destruction of the building at issue. Land Bank's assertions in a motion to dismiss and the parties' statements at oral argument do not constitute evidence to this Court.

{¶4} Pelmear was one of the people who had things stored in Prigge's schoolhouse. Prigge became acquainted with Pelmear in the early 2000s. At one point, Pelmear needed a place to store his things temporarily so Prigge allowed Pelmear to store items in the schoolhouse and to store vehicles in the parking lot. Pelmear eventually prepared a handwritten "lease agreement" between himself and Prigge that indicated Pelmear was leasing, *inter alia*, the second floor of the schoolhouse and the gymnasium from January 1, 2003 to December 31, 2010. Prigge testified that Pelmear did not pay him anything to lease the areas.

{¶5} Despite the written lease ending in 2010, Pelmear did not remove his items from the property and no new lease was ever signed. Prigge sent Pelmear a letter in June of 2016 stating that the prior lease agreement had ended in 2010, and if no new agreement was reached, Pelmear would be asked to vacate.

{¶6} Meanwhile, receiving no income from the schoolhouse, Prigge became increasingly delinquent in his taxes. A foreclosure action was instituted against him in 2017, and Pelmear indicated that he paid over $14,000 in back taxes that Prigge owed on the schoolhouse property to prevent foreclosure. There is no indication in the record that Prigge asked Pelmear to pay the taxes, or that the taxes were paid in exchange for any of the property. Nevertheless, Pelmear felt that by paying the taxes he had acquired a "federal common law lien" on the property, so he recorded this federal common law lien.

{¶7} Over the next several years, Pelmear continued to store things at the schoolhouse, increasingly adding more items, including vehicles in the parking lot. However, Prigge again became delinquent on his taxes and another foreclosure action was filed in 2021, with Prigge owing over $12,000.

{¶8} While the foreclosure action was pending, Prigge spoke with representatives of the Land Bank, which had been formed in 2017. Land Bank was a non-profit with the goal of acquiring abandoned, abused, or blighted property in Henry County and bringing it back into the tax rolls. Land Bank representatives spoke with Prigge and indicated that they would take a quitclaim deed to the old schoolhouse property, and in exchange, the foreclosure action would be dismissed. On January 5, 2022, Prigge signed a quitclaim deed transferring ownership of the subject property to Land Bank.

{¶9} On March 16, 2022, Land Bank filed a complaint for forcible entry and detainer ("FED") against Pelmear to remove him from the property. Pelmear filed an answer to the complaint contending that the FED action was actually an eminent domain process because he had a possessory interest in the property through his "federal common law lien."

{¶10} After Pelmear filed his answer, Land Bank filed a motion for judgment on the pleadings. This motion was granted by the trial court. Pelmear appealed to this Court, and we reversed in *Henry Cty. Land Reutilization Corp. v. Pelmear*, 3d

Dist. Henry No. 7-22-05, 2022-Ohio-4231, determining that, based on the pleadings alone, it was not clear that Land Bank had the right to possess the former school building because Land Bank failed to assert in its complaint that it owned the subject property.

{¶11} Once the case was remanded to the trial court, Land Bank filed a motion to amend its complaint, which was granted by the trial court. In its new complaint against Pelmear for FED, Land Bank clearly asserted its title to the subject property. Pelmear filed an answer and, *inter alia*, a counterclaim, alleging fraud. Pelmear also requested a jury trial.

{¶12} Land Bank moved to dismiss Pelmear's counterclaim on the grounds that fraud had not been pled with the requisite particularity. The trial court granted Land Bank's motion and dismissed Pelmear's counterclaim.

{¶13} A jury trial was set for January 24, 2023. Multiple hearings were held in the week before the scheduled trial addressing various motions that were pending. The trial court also explained the trial procedure to Pelmear, who was appearing *pro se*. However, on the day of the scheduled trial, Pelmear did not appear. Instead, he filed documents purporting to remove the case to federal court. But, while he filed a notice indicating that he was removing the case to federal court, he did not present a file-stamped copy of any actual federal court filing on January 24, 2023.

{¶14} When Pelmear did not appear for the trial, the trial court dismissed the jury and held a bench trial. The trial court determined that Pelmear's "notice" did not deprive it of jurisdiction, so the case proceeded. Following the presentation of the evidence, the trial court granted Land Bank's request for FED. A judgment entry issuing a writ of restitution was filed that same day. It is from this judgment that Pelmear appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**It constituted error for Judge Hart to exercise judicial authority to grant leave for Appellee to amend their case.**

**Second Assignment of Error**

**The trial court errored [sic] by not dismissing [the] case for failing to have proper service upon Appellant.**

**Third Assignment of Error**

**The trial court errored [sic] by failing to certify the case to the common pleas court when the amount in controversy exceeded their authority pursuant to R.C. 1901.17.**

**Fourth Assignment of Error**

**The trial court errored [sic] by not dismissing the case because plaintiff does not have standing pursuant to R.C. 5321 which does not apply to non-residential leases.**

**Fifth Assignment of Error**

**The trial court errored [sic] by continuing to assert jurisdiction after the Appellant removed the case to United States District Court.**

Case No. 7-23-03

{¶15} We will begin our review by addressing the fifth assignment of error because it concerns a jurisdictional issue.

*Fifth Assignment of Error*

{¶16} In his fifth assignment of error, Pelmear argues that the trial court erred by holding the trial and entering a final judgment on January 24, 2023, despite the fact that he had filed a "notice of removal" of the case to federal court on the morning of the scheduled trial. He argues that the trial court's jurisdiction ended once he filed the notice of removal.

Relevant Authority

{¶17} United States Code 28 USC 1446 governs the procedure for removal of civil actions from State court to Federal Court. In pertinent part, it reads as follows:

(a)   Generally.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b)   Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court

-7-

and is not required to be served on the defendant, whichever period is shorter.

* * *

(d)  Notice to adverse parties and State court.--Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Analysis

**{¶18}** After the amended pleadings were filed in this case and the parties engaged in motion practice, a jury trial was scheduled for January 24, 2023, at 9:30 a.m. Multiple pretrial hearings were held in the week prior to the trial, including one the day before the scheduled trial. Pelmear never indicated prior to the day of trial that he was considering attempting to remove the matter to federal court.

**{¶19}** Then, at 7:39 a.m. on January 24, 2023, Pelmear filed a document titled "Notice of this Case Transfer to Federal Court." (Doc. No. 85). The "Notice" was accompanied by a sheet captioned in the United States District Court for the Northern District of Ohio, but it was not file-stamped by the federal court. Similarly, at 10:01 a.m., Pelmear filed a "Notice of Removal," purporting to assert the reasons that the federal court should have jurisdiction over the matter. Again, this filing did not contain any file-stamped document indicating that something had actually been filed with the federal court.

**{¶20}** The trial court began a hearing just before 10:00 a.m. on January 24, 2023, noting that Pelmear was not present for the scheduled trial. After Pelmear did not appear, the trial court dismissed the jury and indicated it would proceed to a bench trial. Just before the bench trial began, the trial court indicated it had received a pleading "called a Notice of Removal indicating that [Pelmear] has, it doesn't say he's transferred the case to a Federal District Court but indicates that is what his intentions are. It's just far too late in the day for the Court to entertain." (Jan 24, 2023, Tr. at 7-8). The trial court then proceeded with the trial, ultimately finding in favor of Land Bank.

**{¶21}** Pelmear contends on appeal that the trial court erred by proceeding with the trial because the case was effectively removed as soon as he filed his notice of removal in State court. However, as we already stated, neither of the documents filed by Pelmear on the morning of January 24, 2023, in the State court contained a file-stamped copy of his petition for removal in the federal court. Rather, he filed a "naked petition" for removal in the State court, without any showing that the case had been removed. *Citizens Financial Services, Inc. v. Hightower*, 7th Dist. Mahoning No. 05MA73, 2006-Ohio-2813, ¶ 23. "A claim that a case is removed without evidence of such removal does not divest the state court of jurisdiction or allow a stay of the proceedings." *Id.*

**{¶22}** Notably, Pelmear *did* eventually file his notice of removal to federal court with a file-stamped petition. However, that document was filed *on January 25, 2023*, and at that time the trial had already been held and judgment had been rendered by the trial court.[2]

**{¶23}** Simply put, when Pelmear filed his "naked petition" on January 24, 2023, Ohio Appellate Courts have indicated such a "naked petition" has no effect because it lacks the appropriate documentation.

> To allow a party to continue a state court proceeding on the grounds that he presented a typed document purporting to be a petition to removal to federal court, without further requiring that the petition at least have been filed in federal court, would be to countenance action that is both contrary to the statue and common sense.

*Fox v. Stames*, 11th Dist. Lake No. 88-L-13-192, 1989 WL 149299, *4; *Hightower*, *supra*. We agree with the Eleventh District Court of Appeals and the Seventh District Court of Appeals and find that the "naked petitions" filed January 24, 2023, by Pelmear did not divest the State trial court of jurisdiction to proceed with the scheduled trial. Therefore, Pelmear's fifth assignment of error is overruled.

*First Assignment of Error*

**{¶24}** In his first assignment of error, Pelmear argues that the visiting trial judge erred by exercising judicial authority in this case. More specifically, he contends that Judge Hart, who had been presiding over the case prior to appeal, was

---

[2] We note that the federal court remanded the case back to the State court on January 26, 2023, finding that Pelmear had no cause for removal.

only assigned to the Napoleon Municipal Court until December 9, 2022. Pelmear contended that Judge Hart should not have had authority to preside over anything in this case after the end date.

**{¶25}** However, contrary to Pelmear's argument, Judge Hart's assignment notice stated that he was assigned for a period ending December 9, 2022, "*and to conclude any proceedings in which he participated that are pending at the end of that period.*" This case falls squarely within that ambit. Therefore, we find no error here, and Pelmear's first assignment of error is overruled.

### *Second Assignment of Error*

**{¶26}** In his second assignment of error, Pelmear argues that the trial court erred by not dismissing the case for lack of proper service of the notice of termination of tenancy.

### Relevant Authority

**{¶27}** Civil Rule 4.1 outlines the methods for obtaining service of process in Ohio, including service via certified mail. *CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 1st Dist. Hamilton No. C-210003, 2021-Ohio-3428, ¶ 8. Pursuant to Civ.R. 4.1(A)(1)(a), service by certified mail must be "[e]videnced by return receipt signed by *any* person[.]" (Emphasis added.) The "any person" language in Civ.R. 4.1 is not limited to the defendant or its agents, but is a flexible concept construed broadly. *Id*. at ¶ 9, citing *Finnell v. Eppens*, S.D.Ohio No. 1:20-CV-337, 2021 WL

2280656, * 5; *Jardine v. Jardine*, 2d Dist. Montgomery No. 27845, 2018-Ohio-3196, ¶ 8 (stating recipient need not be defendant or an agent of the defendant).

Analysis

**{¶28}** In this case, the record reflects the notice of termination of tenancy, and the request for tenant to leave the premises pursuant to R.C. 1923.04, were both served via certified mail. Although Pelmear was not the individual who signed for the certified mail, it was sent to the proper address for Pelmear and signed for. Pursuant to Ohio law, Pelmear does not have to be the individual who signed for the certified mail. *See CUC Properties*, *supra*. As the only indication we have in the record is that Pelmear was, in fact, properly served pursuant to Civ.R. 4, we can find no error here. Therefore, Pelmear's second assignment of error is overruled.

*Third Assignment of Error*

**{¶29}** In his third assignment of error, Pelmear argues that the trial court erred by failing to certify the case to the common pleas court because he contends the amount in controversy for his counterclaim exceeded the scope of the municipal court's monetary jurisdiction. Pelmear claims that his amended filing as of December 29, 2022, counterclaimed for an amount exceeding $25,000. However, this is not an accurate reflection of Pelmear's filing.

**{¶30}** On December 29, 2022, Pelmear filed an omnibus document captioned as follows:

> Motion to Transfer; Motion to Dismiss for Failure to State a Claim 12(B)(6); First Amended Motion in Opposition to Plaintiff's Motion for Leave to File Amended Complaint; Answer and Counter Claim; Motion for Joinder; Motion for Sanctions Pursuant to Ohio Civ. Rule 11 and R.C. 2323.51[.]

At the beginning of this omnibus filing, Pelmear baldly states that the municipal court had to transfer the case to a common pleas court based on the amount in controversy being greater than $25,000. While being an accurate statement of jurisdictional amounts, nowhere in his counterclaim is there any allegation of specific damages that are in excess of $25,000. He continues, "based upon the counterclaims asserted by Defendant, this court must allow this case to be transferred." (Doc. No. 52). But his counterclaim alleges no specific damages and he has no specific prayer for relief.

**{¶31}** In reviewing the matter, the trial court held as follows:

> Defendant requests the court to transfer the case to a Common Pleas Court of competent jurisdiction due to the amount in controversy. Again, reading between the lines of his filing, the defendant appears to argue that the plaintiff's actions to obtain the deed in lieu of foreclosure have deprived him of an interest in the subject real estate without compensation. The defendant makes reference to a document he describes as a first mortgage on the subject property which appears to be a "Federal Common Law Lien" filed by the defendant in 2017 which is of dubious value at most. Further, the defendant has not alleged monetary damages of any stated amount. For this and as follows below, Defendant's motion to transfer the case to a common pleas court, is denied.

(Doc. No 67).

{¶32} After reviewing the record, we agree with the trial court.[3] *Adams Robinson Ent. v. Envirologix Corp.*, 111 Ohio App.3d 426, 431-32 (2d Dist. 1996) (stating that certification is not automatic. A court must first determine if the counterclaim satisfies the formalities of the civil rules and states a claim demonstrating that the party is entitled to relief). Therefore, Pelmear's third assignment of error is overruled.

*Fourth Assignment of Error*

{¶33} In his fourth assignment of error, Pelmear argues that the trial court should have dismissed the case because Land Bank lacked standing. However, Land Bank established that it was owner of the property and that it filed an FED action to remove a holdover "tenant." We see no lack of standing here, particularly given that an FED action is a summary proceeding determining the right to possession of property. An FED action does not concern title to the subject land, though Land Bank established that as well. Pelmear's standing arguments are not persuasive. As the recorded owner of the property, we find that Land Bank had standing to bring an FED action related to property it owns. Therefore, Pelmear's arguments are not well-taken, and his fourth assignment of error is overruled.

---

[3] In fact, we would go further in one respect to say that Pelmear's claim to a federal common law lien on *real property* is not merely dubious but rather entirely without legal merit. *See Coyer v. HSBC Mortg. Services*, 2011 WL 4502087 (E.D.Mich.2011).

Case No. 7-23-03

*Conclusion*

**{¶34}** Having found no error prejudicial to Pelmear in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Napoleon Municipal Court is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/jlr**