[Cite as *Henry Cty. Reutilization Corp. v. Pelmear*, 2024-Ohio-5759.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

HENRY COUNTY REUTILIZATION CORP.,

    PLAINTIFF-APPELLEE,

    CASE NO. 7-24-07

    v.

DOUGLAS ALAN PELMEAR,

    O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Henry County Municipal Court**
**Trial Court No. CVG2200091**

**Judgment Affirmed**

**Date of Decision: December 9, 2024**

---

**APPEARANCES:**

    *Douglas A. Pelmear* **Appellant**

    *Katie L. Nelson* **for Appellee**

**WALDICK, J.**

**{¶1}** Defendant-appellant, Douglas Alan Pelmear ("Pelmear"), brings this appeal from the June 11, 2024 judgment of the Napoleon Municipal Court. On appeal, Pelmear argues that the trial court erred by denying his Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

**{¶2}** On March 16, 2022, the Henry County Land Reutilization Corp. ("HCLR") filed a complaint for forcible entry and detainer ("FED") against Pelmear to remove him from an old schoolhouse that was owned by HCLR after the previous owner, Matthew Prigge, transferred a quitclaim deed to HCLR. Pelmear contested the FED, arguing, *inter alia*, that he had a "federal common law lien" on the property.[1]

**{¶3}** Pelmear requested a jury trial and the jury trial was scheduled for January 24, 2023. On the day of the scheduled trial, Pelmear did not appear. When he failed to appear for the trial, the trial court dismissed the jury and held a bench trial. Ultimately the trial court granted HCLR's request for FED. Pelmear appealed

---

[1] In *Pelmear*'s last appeal to this Court, we noted that Pelmear's claim to a "federal common law lien on *real property* is . . . entirely without legal merit." *HCLR v. Pelmear*, 2023-Ohio-2718, fn. 3 (3d Dist.).

to this Court and we affirmed. *HCLR v. Pelmear*, 2023-Ohio-2718 (3d Dist.). Pelmear then appealed to the Supreme Court of Ohio and his appeal was not accepted for discretionary review. *HCLR v. Pelmear*, 2024-Ohio-163. His motion for reconsideration was also denied. *HCLR v. Pelmear*, 2024-Ohio-1228.

**{¶4}** Subsequently, on May 24, 2024, Pelmear filed a "Motion for Relief from Judgment" pursuant to Civ.R. 60(B). He argued that the Supreme Court of Ohio had issued *Estate of Tomlinson v. Mega Pool Warehouse, Inc.*, 2024-Ohio-1065, which held that once a jury demand was filed it could not be unilaterally withdrawn. Pelmear argued to the trial court that on the basis of *Tomlinson* he should be granted relief pursuant to Civ.R. 60(B), specifically citing (B)(1) and (B)(2).

**{¶5}** HCLR filed a response arguing that the Civ.R. 60(B) motion was untimely as it was not filed with a year after the judgment. Nevertheless, HCLR argued that pursuant to Civ.R. 39(A) a failure to appear for a jury trial constitutes a waiver of a jury trial, thus Pelmear's motion should be denied.

**{¶6}** On June 11, 2024, the trial court filed an entry determining that Pelmear's Civ.R. 60(B) was not untimely filed because it was arguably filed under Civ.R. 60(B)(5), which does not have the same time restrictions as Civ.R. 60(B)(1)-(3).[2] However, the trial court determined that the *Tomlinson* case did not warrant a

---

[2] HCLR did not file a cross-appeal on the issue of whether Pelmear's motion was timely filed, thus we will not further address it.

different outcome here because Civ.R. 39(A) "specifically states that a party's failure to appear constitutes a waiver of its jury demand and authorizes submission of all issues to the court." (Doc. No. 119). It is from this judgment that Pelmear appeals, asserting the following assignment of error for our review.

**Assignment of Error**

**It constituted error for the court to not grant a new trial pursuant to Rule 60(B)(2) for not conducting a trial by jury based on intervening and superseding ruling by the Ohio Supreme Court that stated that when a party demands trial by jury it may not be withdrawn unilaterally.**

{¶7} In his assignment of error, Pelmear argues that the trial court erred by denying his Civ.R. 60(B) motion for relief from judgment.

Standard of Review

{¶8} We review a trial court's determination on a Civ.R. 60(B) motion under an abuse of discretion standard. *Jasper v. White*, 2023-Ohio-2358, ¶ 14 (3d Dist.), citing *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 8. An abuse of discretion exists when the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Analysis

{¶9} In this case, Pelmear requested a jury trial and that jury trial was scheduled. Pelmear participated in pretrial hearings leading up to the trial, but he did not appear for the trial itself. Although a jury pool was present on the day of the trial, the trial court dismissed the jury once Pelmear did not appear and a bench trial was held.

{¶10} As HCLR and the trial court noted, Civ.R. 39(A) specifically addresses when a party fails to appear for a jury trial. In pertinent part, Civ.R. 39(A) reads: "The failure of a party or his attorney of record either to answer or appear for trial constitutes a waiver of trial by jury by such party and authorizes submission of all issues to the court."

{¶11} Here, Pelmear's failure to appear waived a jury pursuant to Civ.R. 39(A). Moreover, we note that it was not a unilateral waiver because HCLR indicated on the record prior to the trial that HCLR did not desire a jury. Thus both parties effectively waived a jury.

{¶12} Pelmear argues that the Supreme Court of Ohio's recent decision *Estate of Tomlinson v. Mega Pool Warehouse, Inc.*, 2024-Ohio-1065, compels a different result here. However, *Tomlinson* is readily distinguishable on its face because in *Tomlinson* there was a "unilateral" withdrawal of a jury demand. That is

not the case here, therefore we find no abuse of discretion with the trial court's ruling.

*Conclusion*

Having found no error prejudicial to Pelmear in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Napoleon Municipal Court is affirmed.[3]

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlm**

---

[3] We note that in Pelmear's last appeal, HCLR's attorney stated at oral argument that the old schoolhouse from which Pelmear had been evicted has been torn down. *See HCLR v. Pelmear*, 2023-Ohio-2718, fn. 1 (3d Dist.). This fact would have rendered many of Pelmear's arguments in his last appeal moot, and it would in this instance as well. Unfortunately, as in the last appeal, we have no actual evidence that the schoolhouse has been torn down—it was not mentioned by HCLR in their memorandum in opposition to Pelmear's motion for relief from judgment.